**Clifford SMITH, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 89–462, 89–463.**

District of Columbia Court of Appeals.

Submitted April 1, 1991.

Decided June 25, 1991.

William S. Rhyne, appointed by this court, Washington, D.C., was on the brief, for appellant.

Jay B. Stephens, U.S. Atty., and John R. Fisher, Thomas J. Tourish, Jr., Daniel M. Zachem, and Nancy R. Page, Asst. U.S. Attys., were on the brief, Washington, D.C., for appellee.

Before SCHWELB and WAGNER, Associate Judges and PRYOR, Senior Judge.

WAGNER, Associate Judge:

Appellant was convicted of two counts of assault.[1] On appeal, he claims that the trial court erred in instructing the jury that an "intent-to-frighten" assault is a general intent crime and that the victim's perception could be considered in determining whether appellant had the apparent present ability to carry out the assault. We affirm.

Viewing the evidence in the light most favorable to the government, the record shows that shortly before 4:00 p.m. on July 8, 1988, appellant accosted an eighteen year old woman on the street. Holding his hand inside a plastic Safeway bag and against the woman's side, appellant threatened to kill her if she screamed. He led the young woman across an intersection and expressed his intent to have sex with

---

1. D.C.Code § 22–504 (1981).

her behind a nearby church. The woman pleaded with appellant to take her money and jewels, feigned that she could not breathe and fell to the ground. After getting up, she managed to escape.

A little after 4:00 p.m. the same day, appellant approached a fourteen year old girl about five blocks away. Again, holding his hand inside a plastic Safeway bag, he told the child he would shoot her if she screamed. He tried to pull her into an alley, but the girl struggled, broke away, and ran to a nearby gas station.

In its final charge to the jury, the trial court instructed on the elements of an assault as follows:

> First, that on or about the date charged, the defendant made an attempt to put in fear or actually did put in fear of imminent bodily injury by means of an overt act or gesture. Now, let me rephrase this, the first element. It requires proof beyond a reasonable doubt that as to the particular complainant, the defendant attempted to put the complainant in fear or actually put her in fear of imminent bodily injury by means of an overt act or gesture. That is the first element.
>
> The second element of the offense is that the defendant had at least from the victim's viewpoint at the time of the commission of the offense the apparent present ability to carry out such an act or assault.
>
> Thirdly, that the defendant had the general intent to do the act which constitutes the threat in a menacing manner.

Appellant argues that the instruction on the second element of the offense improperly made its determination dependent upon the victim's subjective state of mind. To prove the crime it is not necessary that the victim experience apprehension, but only that the assailant act in a manner which, under the circumstances, "portends an immediate threat of danger to a person of reasonable sensibility." *Anthony v. United States*, 361 A.2d 202, 206 (D.C. 1976). The critical focus under this standard is upon the conduct of the accused rather than subjective perception of the victim. *Id.* Nevertheless, that a defendant's conduct produces fear in the victim is relevant to this inquiry. *Id.*

The challenged portion of the instruction, by use of the phrase, "at least from the victim's viewpoint," permitted the jury to consider both the victim's perception and appellant's conduct which put the victim in fear. Although separation of the two concepts might have made the instruction clearer, we find no error, and certainly no plain error. *See id.* at 204 (plain error standard applies when instruction is challenged for the first time on appeal). This is not a case of omission from the instruction of an essential element of the offense, which has been held to be reversible error *per se. See McGee v. United States*, 533 A.2d 1268, 1270 (D.C.1987). Here, we see no danger that the jury was misled to consider only the victim's perception of appellant's conduct. On the contrary, the instruction allowed consideration of appellant's threatening actions which induced fear and the victim's perceptions of them. Therefore, we find no error in the instruction on the second element of the offense justifying reversal.

Appellant also argues that the trial court erred in instructing the jury that the offense required proof of only a "general intent to do the act which constitutes the threat in a menacing manner." Relying on *Robinson v. United States*, 506 A.2d 572 (D.C.1986), appellant argues that the types of assaults involved here require proof of specific intent. In *Robinson*, we distinguished between the more common "attempted-battery" type assault and the "intent-to-frighten" assault. 506 A.2d at 574. We said that the former requires proof of an intent to cause actual physical injury, while the latter requires proof of an intent to cause injury or "to create apprehension in the victim by engaging in some threatening conduct." *Id.*

We do not agree that *Robinson* holds either type of assault to be a specific intent crime. In *Robinson*, we said that the requisite intent could be inferred from doing the act which constituted the assault, *i.e.*, pointing the gun. *Id.* at 575. This holding comports with the definition of general in-

tent used in the standard jury instruction in this jurisdiction [2] and with prior decisions which hold that assault is a general intent crime. *Williamson v. United States,* 445 A.2d 975, 978 (D.C.1982); *Anthony, supra,* 361 A.2d at 206 n. 5 (citing *Pino v. United States,* 125 U.S.App.D.C. 225, 370 F.2d 247 (1966), *cert. denied,* 387 U.S. 922, 87 S.Ct. 2038, 18 L.Ed.2d 977 (1967)). The requisite scienter for violation of the statute does not change merely because the perpetrator makes an effort to do physical injury on the one hand and an effort to frighten the victim on the other.

In *Robinson* we also recommended that the definition of assault in the standard instruction be revised to list the elements of the offense set forth in *Williamson v. United States, supra. Robinson, supra,* 506 A.2d at 575. The intent element set forth in *Williamson* is the general "intent to perform the acts which constitute the assault." 445 A.2d at 978. Therefore, we hold that the offense of assault, whether the "attempted-battery" type or the "intent-to-frighten" type, remains a general intent crime which may be proved by a showing that a defendant intended to do the acts which constitute the assault. Thus, the trial court properly instructed the jury on the intent element of the offense.

Accordingly, the judgments of conviction appealed from are hereby affirmed.

---

2. Criminal Jury Instructions for the District of Columbia, No. 3.01 (3d ed. 1978).