Joseph A. SMITH, Appellant,

v.

UNITED STATES, Appellee.

No. 88–776.

District of Columbia Court of Appeals.

Argued Sept. 16, 1991.
Decided Jan. 24, 1992.

than abuse of process, despite contrary asser- tion in complaint's caption).

S. Pamela Thomas, with whom James Klein, and Elizabeth G. Taylor, Public Defender Service, were on the brief, for appellant.

Teresa A. Howie, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Thomas J. Tourish, Jr., and Mary Lou Leary, Asst. U.S. Attys., were on the brief, for appellee.

Before FERREN and WAGNER, Associate Judges, and NEWMAN, Senior Judge.

NEWMAN, Senior Judge:

Joseph A. Smith (hereinafter "Smith") was charged with armed robbery of Ui Suk Chu; assault while armed of Myong Chu, with intent to rob Ui Suk Chu; and assault while armed of Ronald Ziegel, with intent to rob Ui Suk Chu. The jury found Smith guilty on all counts. Smith was sentenced to six to eighteen years for armed robbery, and four to twelve years on each count of assault while armed, all sentences to be served consecutively.

On appeal,[1] Smith contends that evidence produced at trial was insufficient to support the two convictions for assault while armed. The jury was given the standard assault instruction, which encompasses attempted battery assault only. Though the government's evidence could support an assault conviction on an intent-to-frighten theory, the jury received no such instruction. Therefore, Smith argues, his assault convictions must be reversed for insufficiency of the evidence, and that the Double Jeopardy Clause of the Fifth Amendment bars retrial.

We reverse and remand this case to the Superior Court with directions to enter judgment of acquittal on the two assault while armed counts. Unless and until this court, en banc, overturns its decision in *McGee v. United States*, 533 A.2d 1268 (D.C.1987), we are bound by that decision which commands this result. Smith does not challenge his conviction for armed robbery. The conviction for armed robbery remains undisturbed. We remand for resentencing.

I.

On August 20, 1987, two men[2] robbed the Eastern Market grocery store on East Capitol Street, N.E. Ui Suk Chu was at the cash register when an unidentified man pointed a gun at her. Smith approached the counter from the back of the store. A customer, complainant Ziegel, entered through the front door. Smith knocked Ziegel to the floor. The gunman stood over Ziegel and pointed the gun in his face. When the gunman saw Myong Chu enter from the back of the store, he turned and pointed the gun at Myong Chu. At this time Smith took money from the cash register. The gunman said to Smith, "Go."

---

**1.** Smith also contends that the government's evidence failed to prove knowing association with or intentional participation in the gunman's acts, essential to hold Smith criminally liable as an accomplice. There is sufficient evidence to support the jury's finding that Smith was guilty of armed robbery as an accomplice. *See Curry v. United States*, 520 A.2d 255, 263 (D.C.1987).

**2.** Appellant Smith was charged as an aider and abetter. The identity of the gunman remains unknown.

Smith left the store and the gunman followed.

## II.

██ This jurisdiction recognizes two types of assault, distinguished by the nature of intent that must be proven. "Attempted battery assault requires proof of an attempt to cause a physical injury, 'which may consist of any act tending to such corporal injury, accompanied with such circumstances as denote at the time an intention, coupled with the present ability, of using actual violence against the person.'" *Robinson v. United States*, 506 A.2d 572, 574 (D.C.1986) (quoting *Patterson v. Pillans*, 43 App.D.C. 505, 506–07 (1915)). Intent-to-frighten assault requires proof of "threatening conduct intended either to injure or frighten the victim." *Robinson, supra*, 506 A.2d at 574.

██ The trial judge explained to the jury that "assault is an attempt or effort with force or violence to do injury to the person of another coupled with the apparent present ability to carry out such an attempt or effort. An assault may be committed without actually touching, striking or committing bodily harm to another." [3] This instruction describes only attempted battery assault.

The assault in this case is the pointing of the gun by the gunman, Smith's unknown accomplice. Pointing a gun in this manner would constitute intent-to-frighten assault only. *Id.* at 574. The government concedes this point. In spite of the trial court's failure to instruct the jury on both theories of assault, the government urges that we affirm because there is sufficient evidence to uphold Smith's conviction on an intent-to-frighten theory.

In *McGee v. United States, supra*, 533 A.2d at 1268, the government's evidence

showed that McGee brandished a handgun at the complainant Collington. McGee was convicted of assault while armed. As in the instant case, the trial judge instructed the jury only on the attempted battery theory. According to the judge's instructions, the jury could only find McGee guilty of armed assault if it found that McGee attempted to injure the complainant. There, too, the government conceded that the evidence was insufficient to support a conviction on attempted battery theory. It proceeded instead, as in the instant case, on the theory that its evidence was sufficient to support a conviction on an intent-to-frighten theory. We held that the trial court's failure to instruct the jury on intent-to-frighten as an element of the offenses bars affirming McGee's conviction on an intent-to-frighten theory. *Id.* at 1270. We reversed McGee's conviction and remanded with directions to enter a judgment of acquittal. *Id.* at 1271. We cited *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Ford v. United States*, 533 A.2d 617, 627–28 (D.C. 1987) (en banc) for the acquittal ruling.

There is no meaningful basis on which to distinguish the instant case from *McGee*. For this reason, *stare decisis* mandates both reversal of Smith's assault convictions, and remand for entry of a judgment of acquittal. "We have adopted the rule that no division of this court will overrule a prior decision of this court ... and that such result can only be accomplished by this court en banc." *M.A.P. v. Ryan*, 285 A.2d 310, 312 (D.C.1971).

The government, belatedly citing *Malloy v. United States*, 483 A.2d 678 (D.C.1984), by post-argument supplemental filing, argues that even if reversal is warranted and that retrial is barred, the case should be remanded for resentencing on the armed robbery charge. Remand would give the trial court an opportunity to enhance

---

**3.** The instruction given to the jury encompasses the traditional formulation of assault. The elements are:

1. That the defendant made an attempt or effort, with force or violence, to do injury to the person of another;

2. That at the time he made such an attempt or effort, he had the apparent present ability to effect such an injury; and
3. That at the time of the commission of the assault, he intended to do the act which constituted the assault.

Criminal Jury Instructions for the District of Columbia No. 4.11 (3d ed. 1978).

Smith's sentence on the unchallenged armed robbery conviction, in light of the fact that Smith cannot be punished for armed assault. *Malloy* directs that we do so.

*Affirmed in part, reversed in part, remanded for resentencing.*