**Wendell P. MACKLIN, Appellant,**

v.

**UNITED STATES, Appellee.**

Nos. 97–CM–1415, 97–CM–1416 and 97–CM–1426.

District of Columbia Court of Appeals.

Submitted June 15, 1999.
Decided July 22, 1999.

Sydney J. Hoffmann, appointed by the court, was on the brief for appellant.

Wilma A. Lewis, United States Attorney, and John R. Fisher, Elizabeth Trosman and Rachel Adelman Pierson, Assistant United States Attorneys, were on the brief for appellee.

Before STEADMAN and REID, Associate Judges, and MACK, Senior Judge.

PER CURIAM:

Appellant, Wendell P. Macklin, was convicted of failing to appear in court and thus violating the Bail Reform Act, D.C.Code § 23–1327 (1997 Repl.), destruction of property, D.C.Code § 22–403 (1997 Repl.), and simple assault, D.C.Code § 22–504 (1997 Repl.). Macklin appeals, contending the evidence was insufficient to support any of the three charges. We hold, and the government concedes, that the evidence was insufficient to convict Macklin of failing to appear in court. We reverse that conviction. We affirm the convictions of destruction of property and simple assault.

As to the Bail Reform violation, the trial court took judicial notice that Macklin was arraigned on a charge of destruction of property on November 16, 1996, and signed a notice to appear in court on January 24, 1997.

As to the destruction of property count, the parties stipulated that Macklin was found in a building on 1434 Harvard Street, N.W., on November 15, 1996. Macklin was wrapped in a blanket, and sat next to a small fire on the hardwood floor that he had started with newspapers to keep himself warm. The building was owned by Mr. Bernstein, who had not given Macklin permission to be there. The fire damaged the hardwood floor.

As to the simple assault charge, Officer Kenneth Harvey testified that on January 8, 1997, he encountered Macklin sleeping on the floor in the hallway of an apartment building located at 2637 16th Street, N.W. The officer aroused Macklin and informed him that he could not sleep there. Macklin responded that he was not leaving. After the officer told Macklin several times that he would have to leave, Macklin jumped to his feet as if he were going to attack his arouser. Officer Harvey grabbed Macklin, and when he attempted

to place Macklin's hand in a handcuff, Macklin struck him on the left side of the shoulder with his left elbow. Officer Harvey further testified that after Macklin struck him with his elbow, Macklin said, "I know where you live. I'm going to get some of my boys and we're going to get you."

Macklin moved for a judgment of acquittal after the close of the government's case. He presented no evidence, and he moved again for a judgment of acquittal at the end of the case. The trial court found Macklin guilty on each count, and sentenced him to eighteen months of unsupervised probation on each count to run concurrently.

■ First, the government concedes, and we agree, that the evidence presented was insufficient to convict Macklin of violating the Bail Reform Act. As one element of this charge, the government must prove that defendant failed to appear in court as required. *See Trice v. United States*, 525 A.2d 176, 179 (D.C.1987). While the trial court took judicial notice of the fact that Macklin was required to be in court on January 24, 1997, there was no evidence presented to establish Macklin failed to appear on that date. Accordingly, that conviction must be reversed.

■ Next, Macklin contends that the evidence was insufficient to convict him of destruction of property because there was no evidence that the hardwood floor had any value. The government need only present enough "[e]vidence from which the jury could infer that the destroyed property had a 'useful, functional purpose' ...." *Jenkins v. United States*, 374 A.2d 581, 586 n. 9 (D.C.), *cert. denied*, 434 U.S. 894, 98 S.Ct. 274, 54 L.Ed.2d 182 (1977) (citing *Paige v. United States*, 183 A.2d 759, 759 (D.C.1962)). Here, the parties stipulated that the fire destroyed a hardwood floor. Certainly, a floor serves a "useful, functional purpose." Therefore, the evidence was sufficient to convict Macklin of destruction of property.

■ Finally, Macklin contends that the evidence was insufficient to convict him of simple assault. "For conviction of simple assault, the government must prove three elements: (1) 'an attempt, with force or violence, to injure another'; (2) 'the apparent present ability to effect injury'; and (3) 'the intent to do the act constituting the assault.'" *In re M.M.S.*, 691 A.2d 136, 137 (D.C.1997) (quoting *Logan v. United States*, 460 A.2d 34, 36 (D.C.1983)). Intent may be "inferred from doing the act which constituted the assault ...." *Smith v. United States*, 593 A.2d 205, 206 (D.C. 1991) (citing *Robinson v. United States*, 506 A.2d 572, 575 (D.C.1986)).

■ Here, the government presented sufficient evidence to establish each element of the charge. Officer Harvey testified that Macklin struck him with his left elbow. Thus, Macklin made an attempt with force of violence to injure Officer Harvey. Further, because Macklin actually did strike Officer Harvey, it is apparent that he had the present ability to effect injury. Finally, because intent may be inferred from doing the act that constitutes that assault, *Smith, supra*, 593 A.2d at 206, and because of Macklin's hostility toward Officer Harvey after the act, there was sufficient evidence for a fact finder to infer intent.

Accordingly, we reverse Macklin's conviction for violating the Bail Reform Act. The convictions for destruction of property and simple assault are affirmed.

*Affirmed in part, reversed in part.*