Barbara HARPER, Appellant,

v.

UNITED STATES, Appellee.

No. 01–CM–75.

District of Columbia Court of Appeals.

Submitted Nov. 18, 2002.
Decided Dec. 5, 2002.

David L. Frecker, was on the brief, for appellant.

Roscoe C. Howard, Jr., United States Attorney, and John R. Fisher, Roy W. McLeese III, Elizabeth Carroll and Sharon A. Sprague, Assistant United States Attorneys, were on the brief, for appellee.

Before SCHWELB and WASHINGTON, Associate Judges, and BELSON, Senior Judge.

WASHINGTON, Associate Judge.

Appellant, Barbara Harper, was convicted of attempted possession of a prohibited weapon (PPW), a flowerpot, in violation of D.C.Code § 22–4514(b) (2001), formerly D.C.Code § 22–3214(b) (1996), after she threw a plastic flowerpot at a vehicle occupied by the complainant, who is appellant's daughter, and several small children. Harper was sentenced to 180 days incarceration, suspended to all but two days, one year supervised probation and treatment for anger management. On appeal, appellant contends that there was insufficient evidence to convict her of attempted possession of a prohibited weapon. We agree and reverse the trial court's ruling.

 "In determining the sufficiency of the evidence, this court applies the same standards as the trial court. We view the evidence in the light most favorable to the government, recognizing the province of the trier of fact to weigh the evidence, determine the credibility of the witness

and to draw reasonable inference from the testimony." *Dickerson v. United States,* 650 A.2d 680, 683 (D.C.1994) (citation omitted). "[I]n reviewing bench trials, this court will not reverse unless an appellant has established that the trial court's factual findings are 'plainly wrong,' or 'without evidence to support [them].'" *Mihas v. United States,* 618 A.2d 197, 200 (D.C. 1992) (quoting D.C.Code § 17–305(a) (1989)).

■■■ D.C.Code § 22–4514(b) states that "no person shall within the District of Columbia possess, with intent to use unlawfully against another, an imitation pistol, or a dagger, dirk, razor, stiletto, or knife with a blade longer than 3 inches, or other dangerous weapon." "The government must prove beyond a reasonable doubt that the defendant has the 'intent to use [the weapon] in an assaultive or otherwise unlawful manner.' Although PPW does 'not require evidence of an attempt to do harm,' such an attempt may provide evidence of the defendant's unlawful intent." *McBride v. United States,* 441 A.2d 644, 648–49 (D.C.1982) (citation omitted). When determining whether an object is a dangerous weapon, the "trier of fact must consider whether the object or material is known to be 'likely to produce death or great bodily injury' in the manner it is used, intended to be used, or threatened to be used." *Williamson v. United States,* 445 A.2d 975, 979 (D.C. 1982).[1] An otherwise useful object, used under certain circumstances, may indicate that the possessor intends to use it for a

dangerous purpose. *United States v. Brooks,* 330 A.2d 245, 247 (D.C.1974) (citation omitted) (concluding that a wooden table leg thrown at a mailman is a dangerous weapon under the statute); *see also Jones v. United States,* 401 A.2d 473, 476 (D.C.1979) (finding that a chair leg used to assault the complainant was a dangerous weapon under the statute).

■■■ Assuming, without deciding, that the plastic flowerpot was used in an unlawful manner against the complainant, the question then becomes whether there was sufficient evidence that the plastic flowerpot, as it was used in this altercation, was a dangerous weapon. Viewing the evidence in the light most favorable to the government as we must, we conclude that the trial court erroneously found that the flowerpot in question was a dangerous weapon under § 22–4514(b). The complainant reluctantly testified that as the appellant came down the steps in front of her house, she had a flowerpot in hand, which she threw at the rear, passenger-side portion of the complainant's vehicle as it started to pull away. Even though the vehicle's windows were rolled up and no one in the vehicle was injured, the complainant testified that she was afraid someone, possibly her baby sitting in the back seat of the car, would get hurt.[2] The appellant testified that the flowerpot was "little" and the government produced no evidence to the contrary. Furthermore, neither the actual flowerpot nor evidence of its weight was introduced at trial. Although everyday objects can be dangerous

---

1. Although *Williamson* analyzes what constitutes a dangerous weapon under a charge of assault with a deadly weapon, the analysis of what constitutes a dangerous weapon is applicable here as well.

2. Although complainant's fear would help support a finding that the appellant committed intent-to-frighten assault, *see generally Parks v. United States,* 627 A.2d 1 (D.C.1992), the complainant's fear cannot substitute for proof that the flowerpot was a dangerous weapon.

weapons, the record lacks any evidence to show that this "little" plastic flowerpot could have produced "death or great bodily injury" to the occupants of the vehicle.[3]

Accordingly, the judgment of the trial court is reversed and the case is remanded to the trial court with directions to enter a judgment of acquittal.

*So ordered.*

---

3. Appellant also contends that the trial judge erred in interpreting D.C.Code § 22–4514 when he stated that "against another" under § 22–4514 included use of a dangerous weapon against another's property. Because we have concluded that there was insufficient evidence to support a conclusion that the flower pot was a dangerous weapon, we do not address this issue.