Virginia STROMAN, Appellant,

v.

UNITED STATES, Appellee.

No. 04–CM–495.

District of Columbia Court of Appeals.

Submitted June 16, 2005.

Decided July 14, 2005.

---

Walter S. Booth, Bethesda, MD, submitted a brief for appellant.

Kenneth L. Wainstein, United States Attorney, with whom John R. Fisher and Elizabeth Trosman, and Brittain S. McIn-nis, Assistant United States Attorneys, were on the brief for appellee.

Before FARRELL and WASHINGTON, Associate Judges, and PRYOR, Senior Judge.

WASHINGTON, Associate Judge:

Appellant Virginia Stroman ("Stroman") appeals from her conviction of simple assault, in violation of D.C.Code § 22–404 (2001), and attempted possession of a prohibited weapon, in violation of D.C.Code §§ 22–1803 and—4514 (b) (2001). Stroman contends that: (1) the trial court erred by disregarding her defense of self-defense and not applying the appropriate standard; and (2) that there was insufficient evidence to find her guilty of the charges. We affirm in part and reverse in part.

## I

Fourteen-year-old Javett Presfley ("Presfley") was at her home, located on the 300 block of 17th Street, Southeast, Washington, D.C., on the evening of July 31, 2003. While Presfley was on the front porch of her home, Stroman came to her house to speak with Presfley's mother about an altercation that occurred earlier between Stroman's son and several boys in the neighborhood, including Presfley's younger brother. Kim McClain ("McClain"), a neighbor who had witnessed the altercation between the boys, informed Stroman that Presfley's brother was involved, and accompanied Stroman to the Presfley home.

Stroman spoke with Presfley's mother on the sidewalk in front of the house. Stroman testified that Presfley was interrupting the conversation and using obscenities. In her testimony at trial, Presfley denied using obscenities. Both parties agree that, at one point, Presfley attempt-

ed to interject and, soon thereafter, Stroman and Presfley got into a "heated argument."

At the conclusion of all the evidence in a bench trial, the court found that Stroman taunted Presfley, and urged Presfley to meet her on the sidewalk. Next, Stroman removed her flip flops and earrings. Presfley then descended the steps of her porch, pushing past both her mother and McClain, who tried to stop her, and a fight ensued between Presfley and Stroman. After that, McClain attempted to separate Presfley and Stroman. After McClain's intercession, Stroman retrieved her flip flop and struck Presfley on the forehead with it, causing a cut that required fifteen stitches. Based on this evidence, the court found that Stroman intentionally hit Presfley in her face with the flip flop and caused an injury, and thus convicted Stroman of simple assault and attempted possession of a prohibited weapon. The court sentenced Stroman to 150 days incarceration, suspended in its entirety, and placed her on one year of supervised probation, to be followed by three years of unsupervised probation. Stroman now appeals from these convictions.

## II

 Stroman's first claim on appeal is that the trial court erred in disregarding her defense of self-defense. Stroman argues that the government did not meet its burden of proving beyond a reasonable doubt that she did not act in self-defense. This argument is without merit.

 A defendant is entitled to the defense of self-defense where there exists evidence sufficient for a reasonable factfinder to find in her favor. *See Wilson v. United States,* 673 A.2d 670, 673 (D.C. 1996). In this case, the trial court, sitting as trier of fact, determined that Presfley's testimony, and that of her brother, was

credible. From that testimony, the court found that Stroman assaulted Presfley with her flip flop after the fight had ended, precluding Stroman from asserting the defense of self-defense. "Any 'factual finding anchored in credibility assessments derived from personal observations of the witnesses is beyond appellate reversal unless those factual findings are clearly erroneous.'" *Hill v. United States,* 664 A.2d 347, 353 n. 10 (D.C.1995) (quoting *United States v. McNeal,* 955 F.2d 1067, 1072 (6th Cir.), *cert. denied,* 505 U.S. 1223, 112 S.Ct. 3039, 120 L.Ed.2d 908 (1992)). We do not find that the trial court was erroneous in finding as fact that the fight had ended before Stroman hit Presfley with her flip flop. Therefore, we find that the trial court did not err when it discredited Stroman's claim of self-defense. *See Wilson, supra,* 673 A.2d at 673.

 Stroman's second claim on appeal is that there was insufficient evidence to find her guilty of the charges of assault and attempted possession of a prohibited weapon. In reviewing claims of insufficient evidence, we review the evidence in the light most favorable to the government, giving it the benefit of all reasonable inferences in its favor. *See Blakeney v. United States,* 653 A.2d 365, 369 n. 3 (D.C. 1995) (citations omitted). Reversal is required only where there is "no evidence upon which a reasonable mind could fairly conclude guilt beyond a reasonable doubt, drawing no distinction between direct and circumstantial evidence." *Harris v. United States,* 668 A.2d 839, 841 (D.C.1995) (citing *Curry v. United States,* 520 A.2d 255, 263 (D.C.1987)).

 In a prosecution for simple assault, the government must prove, beyond a reasonable doubt, that the defendant made: "(1) an attempt, with force or violence, to injure another; (2) [with] the

apparent present ability to effect the injury; and (3) [with] the intent to do the act, constituting the assault." *Macklin v. United States,* 733 A.2d 962, 964 (D.C. 1999) (internal quotation marks and citations omitted). Assault requires general intent, which may be "inferred from doing the act that constituted the assault." *See Smith v. United States,* 593 A.2d 205, 206 (D.C.1991) (citing *Robinson v. United States,* 506 A.2d 572, 575 (D.C.1986)).

■ In this case, Presfley testified that after the fight ended, Stroman ran up to her, hitting her in the head with her flip flop. Presfley's brother testified that McClain was restraining Presfley in an attempt to end the fight when Stroman hit Presfley with her flip flop. The trial court found this testimony to be credible. We have already held that the trial court was not erroneous in finding that Stroman was not acting in self-defense when she hit Presfley with the flip flop because the fight had ended. Thus, viewing this evidence in the light most favorable to the government, we are satisfied that there was sufficient evidence to convict Stroman of simple assault beyond a reasonable doubt. *See Blakeney, supra,* 653 A.2d at 369 n. 3; *Harris, supra,* 668 A.2d at 841; *Macklin, supra,* 733 A.2d at 964; *Smith, supra,* 593 A.2d at 206.

■ In a prosecution for attempted possession of a prohibited weapon, the government must prove, beyond a reasonable doubt, that the defendant possessed the weapon with the specific intent to use it unlawfully. *See McCoy v. United States,* 781 A.2d 765, 768 (D.C.2001); *Haynesworth v. United States,* 473 A.2d 366, 372 (D.C.1984). To prove attempt, the government must show the intent to commit a crime and the doing of some act toward its commission that goes beyond mere preparation. *See Riley v. United States,* 647 A.2d 1165, 1172 (D.C.1994). When an ob-

ject is not dangerous *per se,* as defined in D.C.Code § 22–4514(b), the trier of fact must consider whether that object is " 'known to be likely to produce death or great bodily injury in the manner it is used, or threatened to be used.' " *Arthur v. United States,* 602 A.2d 174, 177 (D.C. 1992) (internal quotation marks omitted) (quoting *Williamson v. United States,* 445 A.2d 975, 979 (D.C.1982)); *Harper v. United States,* 811 A.2d 808, 810 (D.C.2002). "The injury inflicted by an object is another important factor, often a decisive factor," in determining whether the object is, in fact, dangerous. *Arthur, supra,* 602 A.2d at 178. Great bodily injury is defined as " 'bodily injury that involves a substantial risk of death, unconsciousness, extreme physical pain, protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental facility.' " *Alfaro v. United States,* 859 A.2d 149, 161–62 (D.C.2004) (quoting D.C.Code § 22–3001 (1981) (repealed)).

■ In affirming the assault conviction, this court has found that Stroman used the flip flop in an unlawful manner. The question for the court now becomes whether there was sufficient evidence that the flip flop, as it was used in this altercation, was a prohibited weapon. Even viewing the evidence in a light most favorable to the government, we hold as a matter of law that the flip flop was not a prohibited weapon under § 22–4514(b). *See Blakeney, supra,* 653 A.2d at 369 n. 3.

McClain testified that Stroman was wearing flat, rubber soled, flip flop sandals at the time of the altercation. The government did not contradict this evidence, and neither party presented the shoes as evidence. The description of the flip flop does not suggest that it was an object likely to cause death or great bodily injury.

*See Harper, supra,* 811 A.2d at 810. Even assuming that a rubber soled flip flop could inflict great bodily injury, there is no evidence that the victim in this case, in fact, suffered great bodily injury.[1] The extent of Presfley's injury was a cut to her forehead. This injury does not rise to the level of great bodily injury. *See Alfaro, supra,* 859 A.2d 149, 162. Although her injury was more than a mere bruise, in our view, a cut requiring fifteen stitches cannot reasonably be characterized as falling within the definition of great bodily injury. *See id.* at 161–62. During the trial, the government only admitted a photograph of Presfley's injury, taken shortly after the assault. In fact, the government failed to present any evidence that the fifteen stitches resulted in visible or permanent scarring such that they would fit the "protracted and obvious disfigurement" component of the definition of great bodily injury. Further, Presfley testified at trial and there is no indication in the record that the trial court found the injury to have resulted in any permanent scarring or disfigurement. The fact that the injury that Presfley sustained was minor or moderate, *see id.* at 162 (internal quotations and citations omitted), confirms that the flip flop was not likely to produce death or great bodily injury in the manner that it was used. *See Arthur, supra,* 602 A.2d at 178. Although everyday objects can be prohibited weapons, the evidence presented in this case does not support a finding that the flip flop, as used in the assault, was a prohibited weapon. *See Harper, supra,* 811 A.2d at 810–11.

For the reasons set forth, we affirm the simple assault judgment and vacate and reverse the judgment for attempted possession of a dangerous weapon.

*So ordered.*

---

1. In *Arthur, supra,* we sustained a determination that a tennis shoe was a dangerous weapon in the manner of its use, but there the shoe had been used repeatedly to "stomp" on the victim's head, rendering her "unconscious, her face bloody and extremely swollen." *Arthur, supra,* 602 A.2d at 178–79. No comparable force was used in this case.