Nathaniel C. BEAN, Appellant

v.

UNITED STATES, Appellee.

Nos. 10–CF–349, 10–CO–439.

District of Columbia Court of Appeals.

Submitted Jan. 11, 2011.
Decided April 21, 2011.

Julian S. Greenspun, appointed by the court, was on the brief for appellant.

Ronald C. Machen, Jr., United States Attorney, Elizabeth Trosman, Mary B. McCord, and Lara Worm, Assistant United States Attorneys, and Angela M. Miller, Special Assistant United States Attorney, were on the brief for appellee.

Before FISHER and THOMPSON, Associate Judges, and TERRY, Senior Judge.

TERRY, Senior Judge:

Following a one-day jury trial, appellant Nathaniel Bean was convicted of possessing two controlled substances, cocaine and heroin, with intent to distribute them, in violation of D.C.Code § 48–904.01(a)(1) (2001). On appeal he contends that the police lacked probable cause to arrest him for possession of an open container of alcohol ("POCA") because the container in question was closed (although unsealed) when the police first discovered it. He also raises, for the first time on appeal, a void-for-vagueness challenge to the POCA statute, D.C.Code § 25–1001(a) (2001), and argues that the government's failure to preserve the container for trial violated his right to due process. We reject all of these arguments and affirm both convictions.[1]

## I

At about 10:00 p.m. on July 21, 2007, appellant was driving a Jeep on Martin Luther King Avenue, S.E., when he was pulled over by Metropolitan Police Officer Albert Sabir for operating a vehicle without headlights. Because appellant "jumped out" of the Jeep immediately after it stopped, Officer Sabir was able see a bottle of Courvoisier cognac in plain view resting on the floor between the left front door (which appellant had opened) and the driver's seat of appellant's Jeep. The seal on the bottle was broken, indicating that it had been opened. The cap was on the bottle, which was about one-fourth full. Officer Sabir opened the bottle and immediately detected "an odor consistent with that of an alcoholic beverage." The officer thereupon placed appellant under arrest for possession of an open container of alcohol and searched his person. A medicine bottle containing cocaine and heroin was ultimately seized from one of appellant's pockets.

Appellant was never charged with possessing an open container of alcohol, but he was issued a traffic citation for driving without headlights. He was also charged with the two offenses of which he was convicted here, possession of cocaine and possession of heroin with intent to distribute them. After a hearing on his motion to suppress the drugs, the trial court credited Officer Sabir's factual account of the arrest and search and denied the motion. The bottle of cognac was not preserved for

---

1. About two weeks after appellant's trial counsel noted an appeal from the judgment of conviction, appellant filed a motion *pro se* requesting the court to appoint new counsel on appeal. Because the motion was difficult to understand, the Superior Court Clerk's Office misread it and filed it as a *pro se* notice of appeal. Consequently, this case has come to us under two separate docket numbers. We will dismiss the second appeal as redundant, since there is no second order or judgment from which an appeal can be brought.

inspection during either the suppression hearing or the trial which followed.

## II

Appellant argues that the trial court erred in denying his motion to suppress evidence because the police officer lacked probable cause to arrest and search him. His contention is that there can be no violation of the POCA statute when the container is closed when discovered by the police, even though the seal is broken. He relies on *Mitchell v. United States,* 746 A.2d 877 (D.C.2000), in which we said, "Mere possession in a car of a *closed* bottle containing an alcoholic beverage does not, without more, furnish probable cause even where ... the bottle is only three-quarters full (indicating that it had been open at some prior time)." *Id.* at 886 (emphasis in original). Presumably, this holding would resolve the issue in appellant's favor if *Mitchell* were still a correct statement of the applicable law. However, in *Mitchell* we were interpreting an earlier version of the POCA statute, codified at D.C.Code § 25–128(a) (1996). Because that earlier version did not expressly define the term "open container," we concluded that the term did not include a closed container that "had been open at some prior time." *See* 746 A.2d at 886.

■ The "Opened Alcoholic Beverage Containers Amendment Act of 1998"[2] remedied this omission by adding a definitional section to the Alcoholic Beverages chapter of the District of Columbia Code, which now reads in part: " 'Open container' means a bottle, can, or other container that is open or from which the top, cap, cork, seal, or tab seal *has at some time been removed.*" D.C.Code § 25–101(35) (2001) (emphasis added). The evidence

here showed that the bottle of cognac was unsealed (*i.e.,* the seal "[had] at some time been removed") and that its contents had been partially consumed (indicating that the cap "[had] at some time been removed") when Officer Sabir found it in appellant's Jeep in plain view, on the floor just inches from where appellant had been sitting. Given these facts, the officer had probable cause to believe that appellant had violated the POCA statute as amended by the new definitional section. *See, e.g., In re Greenspan,* 910 A.2d 324, 343 (D.C. 2006) ("The definition of a term in the definitional section of a statute controls the construction of that term wherever it appears throughout the statute" (citation omitted)). We hold accordingly that the 1998 amendment rendered the *Mitchell* case inapposite, and thus that the trial court committed no error in denying appellant's motion to suppress.

## III

■ Appellant also contends, for the first time on appeal, that the current version of the POCA statute is unconstitutionally vague because it defines the term "open container" to include containers whose caps or seals have "at some time been removed." D.C.Code § 25–101(35). Because this argument was not made below, appellant must demonstrate plain error in order to prevail on appeal. In such circumstances, "[w]hen the defect alleged is the unconstitutionality of the statute ... we have generally declined to [consider the issue] unless the statute is so clearly unconstitutional that it should have been ruled upon by the trial court despite the failure of appellant to raise the point below." *In re W.E.P.,* 318 A.2d 286, 289

---

**2.** D.C. Law 12–206, § 2(a), 45 D.C. Register 8430. The law was signed by the Mayor on October 14, 1998, and became effective on

March 26, 1999. *See* Legislative History following D.C.Code § 25–101 (2001).

(D.C.1974) (internal quotation marks and citations omitted); *accord, Williams v. United States,* 237 A.2d 539, 540 (D.C. 1968). Appellant has not made such a showing.

■ We cannot discern any ambiguity or uncertainty in the plain language of the POCA statute which would have required the trial court *sua sponte* to consider whether it might be void for vagueness. On the contrary, we hold that the express words of the statute, including the new definitional section, " 'define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited....' " *McNeely v. United States,* 874 A.2d 371, 381–382 (D.C. 2005) (quoting *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983)). Even if the issue had been preserved, we would have no difficulty in rejecting appellant's void-for-vagueness claim as entirely without merit.[3]

## IV

■ Finally, appellant contends—again for the first time on appeal—that his due process rights were violated because the police failed to preserve the bottle of cognac for possible use as evidence at his trial.[4] We have often recognized that the government has a general duty to preserve discoverable evidence under Super. Ct. Crim. R. 16(a)(1)(c) and long-established case law. *See Myers v. United States,* 15 A.3d 688, 690-91 (D.C.2011) (citing *United States v. Bryant,* 142 U.S.App. D.C. 132, 140–141, 439 F.2d 642, 650–651 (1971)). Nevertheless, "unless a criminal defendant can show bad faith on the part of the police, [the] failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Arizona v. Youngblood,* 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988).

■ Nothing in the record before us remotely suggests that the police lost or destroyed the bottle so that appellant could not examine it or make evidentiary use of it at either the suppression hearing or the trial which followed. *See United States v. Day,* 697 A.2d 31, 35–36 (D.C. 1997). As the government states in its brief, "appellant has not established that the alcohol bottle was, in fact, lost or destroyed." Nor has appellant shown that the trial court abused its discretion when it declined to impose a sanction upon the government. *See Cotton v. United States,* 388 A.2d 865, 869 (D.C.1978) ("Absent an abuse of discretion, the decision of what sanctions, *if any,* to impose is committed to the trial court" (citations omitted; emphasis in original)); *accord, e.g., Rodriguez v. United States,* 915 A.2d 380, 389 (D.C. 2007).

■ The trial court, in its factual findings at the suppression hearing, relied upon and credited Officer Sabir's account of appellant's arrest, including his description of the bottle. We have declared on many occasions that "[a]ny factual finding

---

3. We also reject appellant's argument that the POCA statute "is too susceptible to misuse." Such an argument was fully considered and rejected by this court in *Perkins v. United States,* 936 A.2d 303, 309 (D.C.2007).

4. As the government points out in its brief, appellant "did not argue before the trial court for a discovery sanction based upon the government's failure to preserve the bottle of alcohol. Nor did appellant argue that the government's failure to preserve the bottle of alcohol constituted a violation of his due process rights." Officer Sabir testified that although it was not the police department's usual practice to collect alcohol as evidence, none of the officers involved in the case threw the bottle away. His recollection at trial was that the bottle "was lying in the vehicle when the vehicle was taken to the [Seventh District] impound lot."

anchored in credibility assessments derived from personal observations of the witnesses is beyond appellate reversal unless those factual findings are clearly erroneous." *Stroman v. United States,* 878 A.2d 1241, 1244 (D.C.2005) (citations and internal quotation marks omitted). Appellant has presented us with no reason to look behind those findings, or to conclude that the availability of the cognac bottle would have made any difference in the outcome of the hearing or the trial. Moreover, we cannot find any bad faith on the part of the government or the police that would indicate any violation of the rule established in *Arizona v. Youngblood.* Accordingly, we find no due process violation in the government's failure to preserve or produce the actual cognac bottle.

In No. 10–CF–349 the judgment of conviction is affirmed. In No. 10–CO–439 the appeal is dismissed; see note 1, *supra.*

*It is so ordered.*