Jonetta C. LEE, Appellant,

v.

UNITED STATES, Appellee.

No. 02–CM–45.

District of Columbia Court of Appeals.

Submitted Dec. 3, 2002.
Decided Sept. 4, 2003.

Philip Leventhal, appointed by the court, was on the brief for appellant.

Roscoe C. Howard, Jr., United States Attorney, John R. Fisher, Thomas J. Tourish, Jr., and Catharine A. Hartzenbusch, Assistant United States Attorneys, and Frances P. Callanan, Special Assistant United States Attorney, were on the brief for appellee.

Before TERRY and STEADMAN, Associate Judges, and BELSON, Senior Judge.

TERRY, Associate Judge:

Appellant was charged by information with simple assault, attempted cruelty to children in the second degree, and attempted possession of a prohibited weapon. All of these charges arose from the same incident, in which appellant struck her sixteen-year-old daughter on the shoulders and legs with a wooden dowel. At a non-jury trial, appellant conceded that she struck and caused harm to her daughter, but claimed self-defense and asserted the parental discipline privilege. The trial court rejected both of these defenses, and found appellant guilty of simple assault and attempted cruelty to children; however, it acquitted her of attempted possession of a prohibited weapon. On appeal she contends that the evidence was insufficient to support either of her convictions because the government failed to prove that she intended to harm her daughter and failed to rebut her defense of parental discipline.[1] We affirm.

---

1. Appellant does not challenge the trial court's rejection of her self-defense claim.

## I

On April 27, 2001, appellant's daughter, sixteen-year-old Janella Lee, planned to attend a luncheon at her young son's day care center but did not arrive until after the luncheon had ended. Appellant, who lived with her daughter across the street from the day care center, was upset that Janella had missed her son's luncheon. When appellant realized that Janella had returned home and was inside the house, she beckoned her to come outside, where appellant angrily confronted her. Janella, according to appellant, "threw her hand up in my face," whereupon appellant struck her several times with a wooden dowel,[2] causing bruises and abrasions to Janella's shoulders and legs.

Appellant then went to her bedroom and took a nap. When she awoke, she noticed that her daughter had "packed her stuff and left." Janella had in fact gone to the emergency room at Washington Hospital Center, where she was treated by Dr. Hossein Khorashadi. In his testimony Dr. Khorashadi described Janella's injuries as contusions and abrasions which were not life-threatening. Later that evening, at approximately 9:00 p.m., Officer Willis Mitchell from the Metropolitan Police Youth and Family Division met with Janella and took photogtraphs of her injuries; the photographs were admitted into evidence at trial. Officer Mitchell testified that he "observed bruises and abrasions about her arms and legs."

Appellant was the only defense witness. She testified that when Janella "threw her hand up in my face," she thought Janella was trying to assault her. To fend off the apparent attack, and to discipline her daughter, appellant struck Janella several times with the broken dowel. She conceded on cross-examination that she and her daughter "both had lost some type of control."

## II

### A. *Assault*

To convict someone of simple assault, the government must prove (1) an act on the part of the defendant, (2) the apparent present ability to injure or frighten the victim, and (3) the intent to do the act that constituted the assault. *See Macklin v. United States*, 733 A.2d 962, 964 (D.C.1999). Although the evidence in this case shows that a battery occurred, "a defendant charged with assault may be convicted of that offense even though the evidence establishes that he or she committed an actual battery." *Ray v. United States*, 575 A.2d 1196, 1199 (D.C.1990). Moreover, because assault is a general intent crime, "there need be no subjective intention to bring about an injury." *Anthony v. United States*, 361 A.2d 202, 206 n. 5 (D.C.1976).

The government acknowledges that a defendant charged with either assault or cruelty to children may claim the privilege of parental discipline. That defense has two components. First, the force used by the defendant must have been used for the purpose of exercising parental discipline; second, the force must have been reasonable. *Newby v. United States*, 797 A.2d 1233, 1235 (D.C.2002). Once this defense is raised, the government has the burden of refuting it by proving beyond a reasonable doubt that "the parent's purpose in resorting to force against her child was not disciplinary, or

---

2. The police report described the object as a table leg. In fact, however, the object with which appellant struck her daughter was a piece of a wooden rod from which clothes are hung in a closet. The rod had broken earlier under the weight of too much clothing, and appellant was carrying it to the trash bin when she confronted her daughter.

that the force she used was unreasonable." *Id.* at 1237; *accord, In re L.D.H.,* 776 A.2d 570, 575 (D.C.2001) (corporal punishment "must be reasonable under the facts and circumstances of the case").

■ Although the trial judge found that appellant's intent in striking her daughter with the wooden dowel was not to inflict pain, he also found that what she did was not "an exercise of reasonable corporal punishment or discipline, and therefore [she] exceeded her parental right to discipline her child in that manner, and by doing so, assaulted her." Appellant does not argue that the elements of assault were not proven; rather, she contends that the trial judge erred in finding that her act of disciplining her daughter was not reasonable under the circumstances. To support her claim that the discipline was reasonable, she urges us not to view the incident "in a vacuum," but to consider "the 'history of frustration and anger'" arising from appellant's "attempt to keep her daughter from falling into the same trap she had fallen into." [3]

The circumstances to be considered when determining whether the punishment was unreasonable include "the child's age, health, mental and emotional development, alleged misconduct on this and earlier occasions, the kind of punishment used, the nature and location of the injuries inflicted, and any other evidence that [may be] relevant." CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF CO-

LUMBIA, No. 4.06 (4th ed.1993). It is true that appellant's daughter, at age sixteen, was no longer a small child and, according to appellant's testimony, had a history of poor behavior. Nonetheless, there is ample evidence in the record to support a finding that the corporal punishment used by appellant was not reasonable under the circumstances. The daughter's transgression was merely a failure to attend her son's day care luncheon. While such behavior was certainly not commendable, a beating with a wooden dowel that warranted a trip to the emergency room could certainly be deemed excessive, *i.e.,* not reasonable. Moreover, unlike this court, the trial judge was able to listen to the attending physician's testimony about the severity of Janella's injuries and to view photographs of those injuries taken by the police officer who interviewed Janella after her return from the emergency room. Taken all together, this evidence was sufficient to permit the trial judge to find that appellant's conduct went beyond the limits of reasonableness.

### B. *Attempted cruelty to children*

■ The statute under which appellant was charged, D.C.Code § 22–901(b)(1) (1996),[4] states in relevant part: "A person commits the crime of cruelty to children in the second degree if that person intentionally, knowingly, or recklessly ... [m]altreats a child or engages in conduct which causes a *grave risk of bodily injury* to a child" (emphasis added).[5] With respect to

---

**3.** Appellant also cites *State v. Wilder,* 748 A.2d 444 (Me.2000), which holds that in order to overcome the parental discipline defense, "the State must prove beyond a reasonable doubt that ... the parent's belief that such physical force was necessary to control the child's misconduct was *grossly deviant* from what a reasonable and prudent parent would believe necessary in the same situation." *Id.* at 455 (emphasis added). But, as this court made clear in *Newby,* the test in this jurisdic-

tion is whether the discipline was "immoderate or unreasonable," 797 A.2d at 1243, not whether it was "grossly deviant."

**4.** Recodified as D.C.Code § 22–1101(b)(1) (2001).

**5.** Appellant was actually charged with attempted cruelty to children, but we have held that "when there is sufficient evidence to support a conviction of cruelty to children, there

this charge, the trial judge found that "things got out of control ... and in her loss of control [appellant] took the stick which she had in her hand, which certainly created a grave risk of bodily harm to her daughter, and ... with it intentionally struck her daughter in disregard of that risk, acting recklessly." [6]

Appellant argues that her actions were "not conduct which created a grave risk of bodily harm." [7] She states that "the injuries, and the number of blows struck, demonstrate that under all the circumstances the appellant did not act in a manner creating a grave risk of bodily harm to her daughter." She points out that "she only lodged three blows" and that "the places where the daughter was struck (namely the fleshy part of each upper arm and the fleshy part of one leg) clearly show that appellant ... act[ed] with self-control, and that she did not intend to seriously injure her beloved daughter." A generous reading of appellant's brief reveals that she is making two separate challenges to the sufficiency of the evidence: first, that there was insufficient evidence that she intentionally created a risk of grave bodily injury, and second, that there was insufficient evidence that such a risk was indeed created. Both are meritless.

■ In the first place, appellant's argument is based on a flawed reading of the statute. The statute requires that an indi- vidual create a grave risk of bodily injury, not a risk of grave bodily injury. Thus the trial court correctly focused on the likelihood of injury rather than, as appellant contends, the degree of injury sustained.

■ As to the question of appellant's intent, the government was not required to prove that she intended to create a grave risk of bodily injury. An intentional act is one that is done consciously or voluntarily, and not inadvertently or accidentally. *See, e.g., Hack v. United States*, 445 A.2d 634, 640 n. 6 (D.C.1982); CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 3.01 (4th ed.1993). This court has held, however, that cruelty to children is a general intent crime. *Smith*, 813 A.2d at 220 n. 6; *see Carson v. United States*, 556 A.2d 1076, 1078 (D.C. 1989) (construing an earlier version of the cruelty to children statute). This means that the only intent the government had to prove was appellant's intent to do the act that constituted the offense, namely, striking her daughter with the wooden dowel; it did not have to prove that appellant intended to cause her daughter any harm. There is nothing in the record to suggest that appellant's beating of her daughter with the dowel was inadvertent or acciden- tal. Regardless of how much pain appel- lant was trying to inflict (if any at all), there is really no dispute that appellant

---

is also sufficient evidence to support a conviction of attempted cruelty to children." *Smith v. United States*, 813 A.2d 216, 220 (D.C. 2002). This is true because "[e]very complet- ed criminal offense necessarily includes an attempt to commit that offense." *Ray*, 575 A.2d at 1199; *accord, e.g., Evans v. United States*, 779 A.2d 891, 894 (D.C.2001).

**6.** The government states in its brief that the judge found that appellant's conduct was "reckless." When his finding is read more closely, however, it becomes clear that the judge found that appellant's striking of her daughter (which was the source of the "grave risk of bodily injury") was intentional, but that her disregard of the risk she created was reckless.

**7.** Appellant also claims the parental discipline privilege with respect to her conviction of attempted cruelty to children. However, be- cause both charges were based on the same incident, our discussion in part II-A of this opinion, dealing with assault, serves to defeat appellant's parental discipline argument here as well.

purposely struck her daughter with the dowel.

Appellant's argument that there was insufficient evidence to prove that her actions created a risk of bodily injury is equally unfounded. From the doctor's testimony and the police photographs, the court could readily find that appellant's actions not only created a risk of bodily injury but that such injury actually occurred. On this record we cannot accept appellant's assertion that there was insufficient evidence of a risk of bodily injury.

The judgment of conviction is therefore *Affirmed.*