Deon DORSEY, Appellant,

v.

UNITED STATES, Appellee.

No. 04–CM–1287.

District of Columbia Court of Appeals.

Submitted June 14, 2006.

Decided June 29, 2006.

---

Harold M. Vaught, appointed by the court, filed a brief for appellant.

Kenneth L. Wainstein, United States Attorney, and Roy McLeese III, David B. Goodhand, Angela Hart–Edwards, and Elizabeth Gabriel, Assistant United States Attorneys, filed a brief, for appellee.

Before RUIZ and REID, Associate Judges and SCHWELB, Senior Judge.*

---

* Judge Schwelb was an Associate Judge of this court at the time this case was submitted. His status changed to Senior Judge on June 24, 2006.

REID, Associate Judge:

After a bench trial in this parental discipline case, appellant Deon L. Dorsey was found guilty of: (1) one count of attempted possession of a prohibited weapon (a belt) in violation of D.C.Code § 22–4514 (2001); (2) one count of simple assault, in violation of D.C.Code § 22–404; and (3) one count of attempted second-degree cruelty to children, in violation of D.C.Code § 22–1101(b). On appeal, Mr. Dorsey challenges the sufficiency of the evidence. We affirm.

## FACTUAL SUMMARY

The government presented evidence showing that on the morning of July 7, 2003, nine-year-old D.M. went into his mother's closet, cut open a bag of fireworks belonging to his father, Mr. Dorsey, and took a packet of fireworks. Mr. Dorsey questioned D.M. and his siblings about who opened the bag of fireworks. First, D.M. did not admit to going into the bag. When his father asked again, D.M. confessed.

Mr. Dorsey decided to discipline D.M. He took a belt [1] and began striking D.M. with it. First, "[t]he belt ... swung and hit [D.M.] in [his] eye" and then D.M. "ran upstairs" to his room. Mr. Dorsey followed D.M. into the room and closed the door. Mr. Dorsey then struck his son with the belt "in [his] leg" while holding the front of D.M.'s shirt. D.M.'s shirt ripped during the beating.

D.M.'s sister, Chantay Long, who did not see Mr. Dorsey strike D.M. in the eye, observed him "running up the steps holding his eye," and heard him "crying and

---

1. The belt was black and approximately one and half inches wide and four feet long with a buckle displaying the Timberland logo.

screaming." D.M.'s mother and sister entered the room where Mr. Dorsey was beating D.M. D.M.'s mother began "screaming at [Mr. Dorsey] . . . to stop" and "got in front of [Mr. Dorsey] and [pulled] him off" of D.M. At the same time, Ms. Long "jumped on [Mr. Dorsey's] back" and said, "don't hit my brother." After Mr. Dorsey and D.M. were separated, D.M.'s mother and Mr. Dorsey argued and D.M.'s mother took D.M. into the bathroom to clean his eye. Ms. Long "[w]ent downstairs and called the police."

D.M. was taken to Children's National Medical Center and was seen by Dr. Jamie Beth Weiner. Dr. Weiner testified as an expert in the field of pediatrics. She examined D.M. and observed that he had "some marks on his face, . . . arm, chest, back, and . . . back of one leg." She noted that D.M. had "a redness" in one eye and "broad redness" diagonally across his face which "looked like a belt mark." He had a redness on his right cheek that measured "4 by 2 centimeters," [2] "two marks on his left cheek," "an 8 1/2 by 3 centimeter erythematous patch, [that is, a] red mark" on his back, and "a 4–centimeter linear red mark" on his chest, which "had a bit of an abrasion on the end, like a cut." There was also a "1 1/2—centimeter-wide red mark" on the back of his leg, "at the crease of the knee." The government introduced several photographs showing the marks on D.M.'s face, chest, back and arm. Dr. Weiner testified that the marks were consistent with D.M.'s explanation of how he was injured. Dr. Weiner also opined that with any injury to the face, there is a concern or "worry" about "fractures . . . in the bones . . . around [the] eye, as well as rupture of the eye."

D.M. described the belt his father used to beat him as "a black Timberland belt" with "a little buckle." When shown a government exhibit, he identified it as the belt used by his father. The belt "swung around and hit [him] in [his] eye." After he ran to his room, his father followed, held him by his white T-shirt and beat him on other parts of his body, including his leg. When his mother and sister intervened, he "was on the floor" and his father was "[o]n top of [him] . . . hitting [him] with the belt."

Mr. Dorsey testified on his own behalf that he disciplined D.M. with a belt for opening the bag of fireworks. When asked how he held the belt, Mr. Dorsey said he "[f]olded one end with [the] buckle and the other end of the belt in [his] hand." He described the discipline. "On the way up the steps, [Mr. Dorsey] swung at [D.M.]." When they were in the room, Mr. Dorsey instructed D.M. "to turn around and [he] began to beat him." Mr. Dorsey "whapped him once on [the] backside. And [D.M.] put his hands [on his backside], try[ing] to block the belt." D.M. "started moving around, jump[ing] [and] doing everything he [could] to avoid getting hit by the belt." Mr. Dorsey "grabbed [D.M.'s] shirt to try to hold him steady and whip him that way." He did not "remember hitting D.M. in the face with the belt," and he never intended to strike D.M. in the face with the belt. When D.M.'s mother came into the room, the beating was "over at that point" and he was no longer hitting D.M.

The trial court found Mr. Dorsey guilty on all three counts after being "satisfied primarily through the testimony of the witnesses[,] . . . the evidence[,] . . . looking at the photographs, listening to the doc-

---

**2.** A picture depicted the redness directly under D.M.'s right eye as a square or rectangular patch.

tor's testimony[,][and] looking at the belt itself." The court discredited Mr. Dorsey's testimony that "he did not specifically intend to hit [D.M.] in the face" because the evidence showed that D.M. "was whacked across the face and the force of that was not just the tail end of somebody moving." The court determined that "[t]his was a whipping ... [that] was well beyond a reasonable exercise of parental discipline[,] ... was calculated[,] ... create[d] a grave risk of serious bodily injury," and was "reckless" and "excessive."

## ANALYSIS

 Mr. Dorsey argues that the trial court erred in finding him guilty on all three charges because the evidence was insufficient to establish (1) that he intended to use his belt unlawfully against his son, (2) that his "actions were not a reasonable exercise of parental discipline," and (3) the required recklessness for attempted cruelty to children. In reviewing claims of sufficiency of evidence, we must review all evidence "in the light most favorable to the government and give deference to the right of the [fact finder] to weigh the evidence, determine the credibility of the witnesses, and draw all justifiable inferences of fact, making no distinction between direct and circumstantial evidence." *Earle v. United States,* 612 A.2d 1258, 1265 (D.C.1992). "[I]n reviewing bench trials, this court will not reverse unless an appellant has established that the trial court's factual findings are 'plainly wrong,' or 'without evidence to support [them].'" *Mihas v. United*

*States,* 618 A.2d 197, 200 (D.C.1992) (quoting D.C.Code § 17–305(a) (1989)).

 To convict one for attempted possession of a prohibited weapon, "the government must prove, beyond a reasonable doubt, that the defendant possessed [a dangerous] weapon with the specific intent to use it unlawfully." *Stroman v. United States,* 878 A.2d 1241, 1245 (D.C. 2005); *See McCoy v. United States,* 781 A.2d 765, 768–69 (D.C.2001); *Haynesworth v. United States,* 473 A.2d 366, 372 (D.C. 1984).[3] "When the object used ... is not a dangerous weapon *per se,* the prosecution must prove that the object 'is one which is *likely* to produce death or great bodily injury by the use made of it.'" *Alfaro v. U.S.,* 859 A.2d 149, 161 (D.C.2004) (quoting *Scott v. United States,* 243 A.2d 54, 56 (D.C.1968) (emphasis in original)).

According to the testimony of Dr. Weiner, Mr. Dorsey's action in using the belt resulted in "a redness" in one of D.M.'s eyes, "broad redness" diagonally across his face, redness on his right cheek measuring "4 by 2 centimeters," and two marks on his left cheek. Dr. Weiner determined that the "wider marks" on D.M.'s face were "consistent with ... the width of a belt." Although D.M. suffered no fracture or rupture in the eye area, Dr. Weiner stated that with "any injuries to [D.M.'s] face, especially his globe or his eye," there is concern or "worry" about "fractures ... in the bones ... around [the] eye, as well as rupture of the eye."

 Unlike our decision in *Alfaro, supra,* where the evidence was insufficient to sustain a conviction of attempted posses-

---

**3.** "To prove attempt, the government must show the intent to commit a crime and the doing of some act toward its commission that goes beyond mere preparation." *Stroman, supra,* 878 A.2d at 1245. " 'Every completed criminal offense necessarily includes an attempt to commit that offense,' ... [and] 'a

person charged with an attempt to commit a crime may be convicted even though the evidence shows[, as here,] a completed offense [actual possession of the belt], not merely an attempt.'" *Evans v. United States,* 779 A.2d 891, 894 (D.C.2001) (quoting *Ray v. United States,* 575 A.2d 1196, 1199 (D.C.1990)).

sion of a prohibited weapon (a telephone cord), *id.* at 162, there is sufficient evidence in this case from which a trier of fact could reasonably find that the black Timberland belt used as Mr. Dorsey did, not only left visible redness on D.M.'s face, including a red patch directly under his right eye, but also was "likely to produce great bodily injury," *Alfaro, supra,* 859 A.2d at 161 (citation omitted), and created a substantial risk of "protracted loss or impairment of the function of a bodily member or organ," his eye.[4] *Stroman, supra,* 878 A.2d at 1245 (citations and internal quotation marks omitted). Indeed, the trial court found that the beating created "the risk of fractures of the orbital eye socket." Even after Mr. Dorsey had hit D.M. in his eye, he pursued him upstairs and continued to use the belt to beat him, leaving other "marks on [D.M.'s] face, ... arm, chest, back, and ... back of one leg." Based upon our review of the record, we conclude that there is sufficient evidence to support the trial court's finding that Mr. Dorsey engaged in conduct which resulted in a grave (or substantial) risk of serious bodily injury to his son, and thus, Mr. Dorsey was guilty of attempted possession of a prohibited weapon (a belt).

 To convict one of simple assault, "the government must prove (1) an act on the part of the defendant, (2) the apparent present ability to injure or frighten the victim, and (3) the intent to do the act that constituted the assault." *Lee v. United States,* 831 A.2d 378, 380 (D.C.2003) (citing *Macklin v. United States,* 733 A.2d 962, 964 (D.C.1999)).[5] A parent charged with

simple assault may claim the privilege of parental discipline, *i.e.* that the use of force was for the purpose of exercising parental discipline and was reasonable. *Newby v. United States,* 797 A.2d 1233, 1242 (D.C.2002). "Once this defense is raised, the government has the burden of refuting it by proving beyond a reasonable doubt that 'the parent's purpose in resorting to force against h[is] child was not disciplinary, or that the force [ ]he used was unreasonable.'" *Lee, supra,* 831 A.2d at 380–81 (citing *Newby, supra,* 797 A.2d at 1237).

 The record supports the trial court's finding that Mr. Dorsey's behavior was "excessive," *i.e.,* unreasonable. As the trial court found, the beating "d[id] not appear to be controlled [and] measured." After Mr. Dorsey hit D.M. in his eye, he chased him upstairs and stood over D.M., "a small, rather diminutive kid," and hit him with a belt. As he was restraining D.M., Mr. Dorsey ripped his shirt. Mr. Dorsey stopped when D.M.'s mother pulled him off D.M. and Ms. Long jumped on his back. Hence, the evidence supports the trial court's finding that Mr. Dorsey's actions were unreasonable and excessive.

 To convict one of second-degree cruelty to children, the government must establish that the defendant is "a person who 'intentionally, knowingly, or recklessly ... maltreat[ed] a child or engage[ed] in conduct which cause[d] a grave risk of bodily injury to a child.'" *Smith v. United States,* 813 A.2d 216, 218 (D.C.

---

4. We recognized in *Alfaro, supra,* that we have "defined ['serious bodily injury'] as 'bodily injury that involves a substantial risk of death, unconsciousness, extreme physical pain, protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental facility.'" *Id.* at 161–62 (citation omitted).

5. "Although the evidence in this case shows that a battery occurred, 'a defendant charged with assault may be convicted of that offense even though the evidence establishes that he or she committed an actual battery.'" *Lee, supra,* 831 A.2d at 380 (quoting *Ray v. United States,* 575 A.2d 1196, 1199 (D.C.1990)).

2002) (quoting D.C.Code § 22–1101(b) (2001)) (footnote omitted). "'A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct.'" *Jones v. United States,* 813 A.2d 220, 225 (D.C. 2002) (quoting Model Penal Code § 2.02(c)). The trial court found that "hitting a child in the face" was "reckless behavior," and under the circumstances of this case, we agree. Mr. Dorsey created a grave or substantial risk of bodily injury when he struck D.M. in the face and disregarded "the risk of fractures of the orbital eye socket." In addition, the evidence supports a conviction for cruelty to children, and thus, attempted cruelty to children. *See Smith, supra,* 813 A.2d at 220 ("[W]hen there is sufficient evidence to support a conviction of cruelty to children, there is also sufficient evidence to support a conviction of attempted cruelty to children."). In short, the trial court did not err in finding Mr. Dorsey guilty of attempted second-degree cruelty to children, in this case.

Accordingly, for the foregoing reasons, we affirm the judgment of the trial court.

*So ordered.*