**Elmer K. POWELL, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 04–CM–95.**

District of Columbia Court of Appeals.

Argued Sept. 8, 2006.
Decided Dec. 14, 2006.

---

Jerry Ray Smith, appointed by the court, for appellant.

Andrea McBarnett, Assistant United States Attorney, with whom Kenneth L. Wainstein, United States Attorney at the time the brief was filed, Roy W. McLeese III, Thomas J. Tourish, Jr., Kristina Ament, and Renata Kendrick Cooper, Assistant United States Attorneys, were on the brief, for appellee.

Before GLICKMAN, Associate Judge, and PRYOR and KING, Senior Judges.

PRYOR, Senior Judge:

Following an altercation with his daughter, appellant, Elmer Powell, was charged by information with one count of simple assault[1] and one count of attempted sec-

---

1. D.C.Code § 22–404 (2001).

ond-degree cruelty to children.[2] At a bench trial, appellant presented a parental discipline defense. The trial court rejected the defense on the grounds that the force used by appellant was unreasonable, convicting appellant of simple assault while acquitting him of the second charge. On appeal, appellant challenges the sufficiency of the evidence used to support his conviction. Finding the quantum of evidence insufficient to disprove appellant's parental discipline defense beyond a reasonable doubt, we reverse.

## I.

Over an extended period of time, a pattern of disputes evolved between appellant and his sixteen-year-old daughter, the complainant. In July 2003, in the afternoon, tensions escalated when complainant did not respond to appellant's request to bring him an extension cord which was needed to complete roof repairs on the family residence. Following an unpleasant conversation about unwashed dishes in the kitchen sink, complainant stated her intention to go across the street to a friend's house, a place she often visited despite her father's previous instructions not to go there because of suspected unlawful drug activity. When complainant repeated her intention, a heated argument ensued.

As complainant started out the front door, appellant grabbed her right arm and pulled her into the foyer of the house with sufficient force that she fell backwards against a nearby interior stairway. Complainant repeatedly tried to leave, but was restrained each time by appellant. Complainant testified that she began to push and strike appellant. At some point, appellant struck complainant, causing her to fall to the floor. Lying on the floor, she kicked at appellant and swung upward at him. The dispute then moved to the kitchen where the complainant obtained a knife and held it to appellant's neck. Disarming his daughter, appellant hit complainant, causing her to hit her head on a faucet in the kitchen sink.

Complainant eventually fled to a neighbor's house and called the police. Responding officers talked to the father and daughter separately, ultimately arresting appellant. Appellant acknowledged the altercation with his daughter, stating she was "being disobedient with him." When complainant entered the house after the police arrived, they observed a bruise on complainant's arm and what appeared to be a urine stain on her clothing. They also saw a knife in the kitchen sink. The following night, complainant went to Children's National Medical Center at the urging of her older sister. An examination disclosed bruises to complainant's face and right arm[3] and she complained of back soreness.

In addition to the government's evidence, the trial judge heard the testimony of appellant, his two older daughters, and a friend. At the conclusion of the testimony, the trial court acquitted appellant on the charge of attempted second-degree cruelty to children charge, finding that his actions did not reveal an intent to cause bodily injury or a grave risk of injury as comprehended by the statute. However, after considering the evidence and appellant's defenses, she concluded that appellant used excessive force and was guilty of assault.

## II.

◼ Appellant does not dispute that he used physical force directed to complainant.[4] However, he contends the evidence

---

2. D.C.Code § 22–1101(b) (2001).

3. The government presented photographs of these injuries.

4. To prove simple assault, the government must prove beyond a reasonable doubt three elements: "(1) an attempt, with force or violence, to injure another; (2) the apparent

proffered by the government is legally insufficient to disprove his defense of parental discipline. Three factors are relevant to our analysis of the sufficiency of the evidence in this case. First, the trial court based its ruling on the limited facts surrounding the initial altercation at the front door of appellant's home, which the government presented through the prism of a flawed legal argument. Second, given the extended nature of the conflict, the evidence is speculative as to how and when complainant sustained her injuries. Third, there must be a sufficient quantum of evidence to disprove the parental discipline defense beyond a reasonable doubt.

We observe at the outset that the trial judge found appellant guilty solely on the basis of appellant's "initial contact" with complainant at the front door.[5] Thus, the government has premised its argument in this court on that limited finding. In that regard, during closing arguments the government argued:

> Now on the issue of discipline the Government does not believe that [appellant] has shown that there was some imminent danger to the [complainant] from her walking out that front door that he was entitled to use this level of force as discipline, to grab her off of her feet and fling her onto her back up against the stairs. And according to her he pulled her back out of the door more than one time.

The Government believes that right there is an assault, and—and there is no discipline defense, on either the assault or the cruelty counts to that particular action.[6]

This argument, implicitly adopted by the trial court,[7] misconstrues the law with respect to the reasonableness of force that may be used in parental discipline.

Of course, questions involving the nature and legal boundaries of parental discipline are at the center of this case. In *Lee v. United States*, 831 A.2d 378 (D.C.2003), we reiterated that a parent's privilege to exercise reasonable parental discipline is presently recognized in the District of Columbia. *Id.* at 380; *see also Newby v. United States*, 797 A.2d 1233, 1241–42 (D.C.2002) (noting that the privilege has a long history in the common law). We emphasized that the discipline must be directed to promote the welfare of the child and the means used to effect the discipline must be reasonable. *Lee, supra,* 831 A.2d at 380. In determining whether force is reasonable, we have observed that the fact finder may consider " 'the child's age, health, mental and emotional development, alleged misconduct on this and earlier occasions, the kind of punishment used, the nature and location of the injuries inflicted, and any other evidence that [may be] relevant.' " *Id.* at 381 (quoting CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 4.06 (4th ed. 1993)). Although these

---

present ability to effect the injury; and (3) the intent to do the act constituting the assault." *Macklin v. United States,* 733 A.2d 962, 964 (D.C.1999) (internal quotation marks and citations omitted).

**5.** The government concedes that "it is clear from the record that the court based its ruling on appellant's initial assault of [complainant] in grabbing her as she attempted to leave the house."

**6.** The government asserted that a situation where complainant "was about to walk off the

curb in front of a speeding car" was the type of imminent danger where appellant would have been justified in using the level of force involved here.

**7.** Prior to its ultimate finding of guilt on the assault charge, the trial court noted that it considered the government's argument "an excellent one with regard to that particular issue of the force and the immediacy or urgency of harm."

factors do not preclude a trial court from considering potential danger to a child, they do not dictate that in order for parental discipline to be reasonable it must be applied only in reaction to an imminent danger.

We note that this case differs, in its factual setting, from the questions presented in *Lee, Newby*, and most recently in *Florence v. United States*, 906 A.2d 889, 896 (D.C.2006). In those cases, the parents were primarily asserting the parental discipline privilege *after* some form of misconduct by the minor. Here, the matter arises as appellant sought to impose presumptive control over incipient behavior of his daughter, attempting to prevent prohibited behavior rather than reacting to it. Of course, the guiding principles remain unchanged and we have stated: "Once this defense is raised, the government has the burden of refuting it by proving beyond a reasonable doubt that 'the parent's purpose in resorting to force against [his] child was not disciplinary, or that the force [he] used was unreasonable.'" *Lee, supra*, 831 A.2d at 380–81 (quoting *Newby*, 797 A.2d at 1237).

▇▇▇ Turning now to the trial findings in this case, we customarily defer to the observations of the trial judge who evaluated the witnesses first hand. *Dorsey v. United States*, 902 A.2d 107, 111 (D.C. 2006). Furthermore, in a bench trial a "judgment may not be set aside except for errors of law unless it appears that the judgment is plainly wrong or without evidence to support it." D.C.Code § 17–305(a) (2001); *see also Mihas v. United States*, 618 A.2d 197, 200 (D.C.1992). These principles are fully applicable here. However, in this instance, the findings were made on an abbreviated factual record; specifically, with respect to the events which occurred at the front door. Indeed, the trial judge found that, in this regard, the facts were largely undisputed.

Appellant prohibited his daughter from leaving and when she disobeyed he sought to enforce his command by restraining her. Although complainant was examined by physicians following the incident, there was sparse evidence as to how and when her injuries were sustained during the course of the extended altercation with her father.

▇▇▇ According substantial deference to the trial court, we must consider whether the facts when viewed "'in the light most favorable to the government'" are such that a reasonable fact finder could conclude that the government rebutted appellant's parental discipline defense by proving beyond a reasonable doubt that the use of force was not used in a reasonable manner for disciplinary purposes. *Dorsey, supra*, 902 A.2d at 111–12 (quoting *Earle v. United States*, 612 A.2d 1258, 1265 (D.C.1992)). In evaluating proof beyond a reasonable doubt, we have observed that "this formulation does not mean that appellate review of sufficiency of the evidence is toothless. 'We do not ... fulfill our duty through rote incantation of these principles followed by summary affirmance.'" *Rivas v. United States*, 783 A.2d 125, 134 (D.C.2001) (en banc) (quoting *United States v. Long*, 284 U.S.App.D.C. 405, 409, 905 F.2d 1572, 1576 (1990)). A fact finder is entitled to draw reasonable inferences from the evidence, but must not base its conclusions on "'mere speculation.'" *Id.* (quoting *Long, supra*, 284 U.S.App. D.C. at 409, 905 F.2d at 1576). "Slight evidence is not sufficient evidence; a 'mere modicum' cannot 'rationally support a conviction beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 320, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

Taking the above factors together, as we consider the sufficiency of the evidence, we have a convergence of circumstances

where, as a matter of law—given the requirement for the fact finder of proof beyond a reasonable doubt—that the proof of excessive force is marginal at best. Although the government offered some evidence to rebut appellant's parental discipline defense, it is based on an abbreviated set of facts and framed within a legal argument lacking an adequate foundation in the law of this jurisdiction. To resolve, beyond a reasonable doubt, that the force used by appellant was excessive is overly speculative given the circumstances. We therefore find the government presented insufficient evidence for a reasonable fact finder to conclude that the force used by appellant was unreasonable.

Accordingly, for the foregoing reasons appellant's conviction of simple assault is reversed.

So ordered.

GLICKMAN, Associate Judge, concurring:

"The parent of a minor child is justified in using a reasonable amount of force upon the child for the purpose of safeguarding or promoting the child's welfare, including the prevention or punishment of his/her misconduct." *Newby v. United States*, 797 A.2d 1233, 1242 n. 12 (D.C.2002) (quoting CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 4.06 (4th ed. 1993)). Appellant invoked this principle to justify his actions in restraining his sixteen-year-old daughter, K.P., when she disobediently attempted to leave the house. I fully agree that the government failed to pres-ent sufficient evidence to overcome appellant's parental discipline defense. There was no serious dispute at trial that appellant had a proper disciplinary purpose.[1] The fact that appellant "acted out of anger," in the words of the trial court, does not prove otherwise. *See Florence v. United States*, 906 A.2d 889, 895 (D.C. 2006) ("[T]he trial court's observation that because appellant was angry, she could not also be acting with the intent of disciplining her child, unduly restricts the defense of parental discipline. As any parent knows, the two are not mutually exclusive."). As to whether appellant used excessive force, the government established only that, as his daughter started walking out the front door, appellant grabbed her arm and pulled her back with sufficient force that she fell against a staircase. K.P. then rose and attacked her father. There was no evidence that K.P. sustained significant physical injury or significant pain as a result of her fall (apparently, she did not); nor, in my view, was there sufficient evidence that appellant's action exposed K.P. to a substantial risk of suffering such harm.[2] I think it important to emphasize that without such evidence, the government did not meet its burden of proving beyond a reasonable doubt that appellant employed an unreasonable amount of force under the circumstances.

KING, Senior Judge, dissenting:

Because I cannot say that the trial judge's factual findings are "plainly wrong" or "without evidence to support

---

1. K.P. told appellant that she was going to a friend's house across the street, and she insisted on going even though appellant orally told her not to leave. By her own admission, appellant previously had instructed her not to frequent the house to which she said she was going. Appellant testified that he believed it to be a "drug house," from which he intended to protect his daughter. No evidence to the contrary was presented.

2. The government points out that K.P. testified that appellant grabbed her with such force that she "flew" backwards, and was "airborne." Even assuming that such characterizations were not hyperbolic, it still requires too much speculation to conclude from them that the force appellant used seriously threatened to inflict substantial harm.

[them]," *Mihas v. United States,* 618 A.2d 197, 200 (D.C.1992), or that the trial judge misapplied applicable legal principles, *Lee v. United States,* 831 A.2d 378, 380 (D.C. 2003), I would affirm the judgment of conviction of assault. Therefore, I respectfully dissent.